UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



ANTHONY LEE McNAIR, )
)
)
Plaintiff, )
)
v. ) Civil Action No. 19-3576 (UNA)
)
GOVERNMENT OF NORTH CAROLINA, *et al.*, )
)
Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The plaintiff alleges that the defendants' civil conspiracy resulted in his criminal conviction in the Pitt County, North Carolina Superior Court and imposition of a lengthy prison sentence. *See* Compl. at 1. He claims to have been "ilegally [sic] seized," *id.*, and he holds the defendants responsible for "destro[]ying [his] life, liberty and property," *id.* For these alleged constitutional violations, the plaintiff demands damages of $4 million. *Id.*

The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for

damages fails. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219 (D.D.C. May 27, 2008).

The Court will dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order is issued separately.

DATE: January 27, 2020

AMIT P. MEHTA
United States District Judge